**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By: John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel.: (973) 285-3239 / Fax: (833) 693-1201
JAtkin@atkinfirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br>          Plaintiff, <br><br>   v. <br><br> JOHN DOE subscriber assigned IP address 67.82.173.121, <br><br>          Defendant. | Civil Case No. 3:18-cv-17619-BRM-LHG <br><br> ***Document Filed Electronically*** |

---

### PLAINTIFF'S MEMORANDUM OF LAW ADDRESSING THE APPLICABILITY OF THE REASONING OF JUDGE SCHNEIDER'S DECISION TO THIS MATTER

---

**THE ATKIN FIRM, LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel.: (973) 285-3239
Fax: (833) 693-1201
*Attorneys for Plaintiff,*
*Strike 3 Holdings, LLC*

Of Counsel and on the brief:
John C. Atkin, Esq.

# **TABLE OF CONTENTS**

I.   THIS COURT SHOULD NOT APPLY JUDGE SCHNEIDER'S
     REASONING TO THIS MATTER ...................................................................1

   A.   Judge Schneider's Decision is Procedurally Distinguishable. ......................1

   B.   Judge Schneider's Considerations of "Undue Burden" and "Privacy" May
        Apply to this Matter but Have Been Rejected as Bases to Quash a
        Subpoena. ......................................................................................................5

CONCLUSION ......................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) ..................................................................... 4

*Arista Records, LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010) ..................................................... 4

*Baker Botts LLP v. ASARCO LLC*, __ U.S. __ 135 S. Ct. 2158 (2015) ................................. 8

*California v. Greenwood*, 486 U.S. 35 (1988) ..................................................................... 11

*Crocs, Inc. v. Effervescent, Inc.*, No. 06-00605, 2017 WL 3888455 (D. Colo. Jan. 30, 2017) ...... 3

*Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033 (9th Cir. 2018) .................................. 12

*Gonzalez v. Whitney Merlynn Peterson*, No. 17-0034, 2017 WL 2633491 (D. Mont. June 16, 2017) ......................................................................................................................... 3

*Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348 (3d Cir. 2011) .................................. 4

*Lease v. Fishel*, No. 07-0003, 2009 WL 922486 (M.D. Pa. Apr. 3, 2009) ............................. 11

*Malibu Media, LLC v. Doe*, No. 15-4381, 2015 WL 4923114 (S.D.N.Y. Aug. 18, 2015) ........... 9

*Marbury v. Madison*, 5 U.S. 137 (1803) .............................................................................. 12

*Patrick Collins, Inc. v. John Does 1-13*, No. 12-7620, 2013 WL 3466833 (D.N.J. July 10, 2013) 2

*Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) ................................... 12

*Strike 3 Holdings, LLC v. Doe*, No. 18-2674, 2019 WL 5446239 (D.N.J. Oct. 24, 2019) ............ 1

*Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14 (E.D.N.Y. 2019) ............................................ 6

*Strike 3 Holdings, LLC v. Doe*, No. 17-1680, 2017 WL 5001474 (D. Conn. Nov. 1, 2017) ........ 2

*Strike 3 Holdings, LLC v. Doe*, No. 18-12609, ECF No. 16 (D.N.J. June 27, 2019) .............. 8, 10

*Strike 3 Holdings, LLC v. Doe*, No. 18-14138, ECF No. 15 (D.N.J. June 27, 2019) .............. 5, 10

*Strike 3 Holdings, LLC v. Doe*, No. 19-14073, ECF No. 24 (D.N.J. Nov. 20, 2019) .................... 5

*Strike 3 Holdings, LLC v. Doe*, No. 19-16182, 2019 WL 3985628 (D.N.J. Aug. 23, 2019) .......... 3

*Strike 3 Holdings, LLC v. Doe*, No.18-16593, 2019 WL 4745360 (D.N.J. Sept. 30, 2019) .... 9, 10

*Strike 3 Holdings, LLC v. Doe*, No. 19-5818, 2019 WL 5459693 (S.D.N.Y. Oct. 9, 2019) ........ 12

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) ......................................... 4

*U.S. v. Christie*, 624 F.3d 558 (3d Cir. 2010) ..................................................................... 11

*Virginia v. Moore*, 553 U.S. 164 (2008) ............................................................................. 11

**Rules**

Fed. R. Civ. P. 26(c)(1) ......................................................................................................... 10

Fed. R. Civ. P. 45(d)(3)(A)(iii) .............................................................................................. 7

## I.   THIS COURT SHOULD NOT APPLY JUDGE SCHNEIDER'S REASONING TO THIS MATTER

Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") respectfully submits that the reasoning of Judge Schneider's decision in *Strike 3 Holdings, LLC v. Doe*, No. 18-2674, 2019 WL 5446239 (D.N.J. Oct. 24, 2019) is inapplicable to this matter because (1) Judge Schneider considered whether "good cause" was shown to permit early discovery, which is a different issue than the motion to quash before the Court here, and (2) to the extent Judge Schneider considered "undue burden" and "privacy" concerns as part of his "good cause" analysis, these concerns have been rejected by this Court (and others) as a basis to quash an ISP subpoena.[1]

### A.   Judge Schneider's Decision is Procedurally Distinguishable.

Judge Schneider's decision concerned whether Plaintiff met its burden of showing "good cause" to conduct limited early discovery under Rule 26, not whether Doe has met his "heavy burden" under Rule 45 to quash a subpoena already authorized by the Court.[2]   In contrast, this Court has already found Plaintiff has

---

[1] Plaintiff respectfully notes that Judge Schneider's decision contains numerous legal and factual errors that are beyond the scope (and page limitations) of the briefing requested by the Court here.   In the event the Court determines that Judge Schneider's decision is not procedurally distinguishable and can be applied to this matter, Plaintiff requests that the Court permit Plaintiff to provide a copy of its appeal brief so that the Court can consider Plaintiff's arguments as to why Judge Schneider's decision is legally and factually incorrect.   ECF No. 17.

[2] Judge Schneider denied a motion to quash, but also *sua sponte* quashed the subpoena because the subscriber revealed their identity, rendering the subpoena redundant and, thus, an "undue burden" on the ISP.   No. 18-14114, ECF No. 31.

shown good cause to conduct limited early discovery in this matter.  ECF No. 5; *see also Strike 3 Holdings, LLC v. Doe*, No. 17-1680, 2017 WL 5001474, at *7 n.10 (D. Conn. Nov. 1, 2017) (reminding defendant that "[i]n considering whether to make a motion to quash the subpoena . . . the Court has already analyzed the requisite principal factors to determine that such a subpoena should be allowed[.]").  Thus, the question before this Court is whether Doe has met his burden under Rule 45 to quash the subpoena authorized by the Court.

Rule 45 sets forth only six (6) circumstances in which a Court may quash a subpoena, for which Doe – not Plaintiff – bears the burden of proof.  *See Patrick Collins, Inc. v. John Does 1-13*, No. 12-7620, 2013 WL 3466833, at *2 (D.N.J. July 10, 2013).  Those circumstances are present where the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of "privileged or otherwise protected materials"; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions.  Fed. R. Civ. P. 45(d).  "No other grounds are listed."  *Crocs, Inc. v. Effervescent, Inc.*, No. 06-605, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases).  Indeed, although this Court has already found Plaintiff has shown good cause, "an absence of good cause for discovery prior to the Rule 26(f) conference is not one of the

delineated grounds for quashing a subpoena." *Gonzalez v. Whitney Merlynn Peterson*, No. 17-0034, 2017 WL 2633491, at *2 (D. Mont. June 16, 2017).

In contrast, the standard that courts use to determine if early discovery should be permitted under Rule 26 is "good cause." *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 19-16182, 2019 WL 3985628, at *2 (D.N.J. Aug. 23, 2019). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011) (citation omitted). Although Plaintiff structured its application to address the factors outlined in *Arista Records, LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010) to show "good cause," the broad nature of the inquiry necessitates that courts be free consider any factors they deem relevant, with the aim of *assisting* Plaintiff identify the Doe party. *See Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("If discovery is sought by a plaintiff . . . and if it would aid in the identification of responsible defendants or the lack thereof, district courts should strongly consider granting it."); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'").

This Court has previously recognized that decisions concerning early discovery requests under Rule 26 are of little value when considering a motion to

quash under Rule 45 because they "address a different issue" and are in "a different posture procedurally."[3] *Strike 3 Holdings, LLC v. Doe*, No. 18-14138, ECF No. 15 at 1 (D.N.J. June 27, 2019); *see also Strike 3 Holdings, LLC v. Doe*, No. 19-14073, ECF No. 24 (D.N.J. Nov. 20, 2019) (Wolfson, C.J.) (denying request to reassign matter with motion to quash to judge hearing appeal of Judge Schneider's decision).

In fact, the distinction between the different standards for a motion for early discovery under Rule 26 and a motion to quash under Rule 45 was also recognized in a decision heavily relied upon by Judge Schneider. In *Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14 (E.D.N.Y. 2019), Judge Orenstein denied an application to conduct early discovery under Rule 26, and held that the Court would not limit its "good cause" inquiry to factors set forth in case law that concerned a motion to quash under Rule 45 because such a motion represents a "fundamentally" different "procedural posture" from a request to conduct early discovery under Rule 26 and, thus, "[t]he two inquiries are qualitatively different." *Id.* at 17.

---

[3] In that matter, this Court went on to explain that the Minnesota decisions raised were particularly unpersuasive because they had been reversed, and because they had been "persuasively rejected" by other courts for misinterpreting the Cable Communication Act as creating a privacy interest that prevented Plaintiff from using a Rule 45 subpoena to obtain a subscriber's identity. *Id.* at 1-2. Here, Judge Schneider's decision (1) has been appealed (albeit not yet decided), and (2) among the several grounds provided to deny Plaintiff's request to conduct early discovery, the Court came to a similarly incorrect conclusion regarding privacy – based not on the misinterpretation of a federal statute, but New Jersey's state constitutional protection against unreasonable searches and seizures by law enforcement. *See infra* Sec. I.B.

Like Judge Orenstein, Judge Schneider engaged in a free-ranging inquiry –
beyond what was raised in Plaintiff's application – when considering whether
Plaintiff had shown "good cause" to conduct early discovery.  But while the "good
cause" inquiry is broad enough that courts need not confine themselves to any
specific factors in reaching their decision as to whether Plaintiff has met its burden
to show "good cause" for early discovery under Rule 26,[4] the same is not true for
the inquiry of whether Doe has met their burden to quash a subpoena under Rule 45.

In short, Judge Schneider's decision concerned whether to permit early
discovery under Rule 26.  Accordingly, many of the factors the Court considered are
not applicable to a motion to quash under Rule 45, the issue before the Court here.

**B. Judge Schneider's Considerations of "Undue Burden" and
"Privacy" May Apply to this Matter but Have Been Rejected as
Bases to Quash a Subpoena.**

While many of the legally flawed and/or factually incorrect reasons provided
by Judge Schneider in support of his decision simply have no analogues to the
grounds provided in Rule 45, the Court did set forth two considerations for denying
early discovery that overlap with the grounds found in Rule 45 for quashing a

---

[4] Plaintiff's appeal of Judge Schneider's decision does not argue that courts should
be "pigeonhole[d]" from considering any factors they deem relevant to their
determination of whether good cause has been shown to conduct early discovery.
Rather, Plaintiff's appeal argues, among other things, that the additional factors
considered by Judge Schneider were decided wrongly – both as a matter of law and
fact – and, therefore, should not have been weighed against finding "good cause" to
permit Plaintiff to conduct limited early discovery.

subpoena:  undue burden and privacy.[5]  However, while these considerations may "apply" to the question of whether to quash the subpoena under Rule 45, the Court should not follow them here because this Court (and others) have already specifically rejected them as reasons to quash an ISP subpoena.

First, Judge Schneider held that Plaintiff had not shown "good cause" to conduct early discovery because if (1) Doe was identified and (2) Plaintiff's further investigation showed that there was a good faith basis to connect Doe (or someone else with access to the IP address) as the infringer in an amended complaint, that party may have to "pay a substantial sum to retain a lawyer to defend the lawsuit." 2019 WL 5446239 at *14.  However, this Court has already recognized that this does not constitute an undue burden that is sufficient to justify quashing a subpoena, holding that the "focus on the cost of defending this entire suit is misplaced. It is the burden of this subpoena that is at issue and insofar as it merely seeks [Doe's] name and address and seeks it from a third party, that burden is minimal."  *Strike 3 Holdings, LLC v. Doe*, No. 18-12609, ECF No. 16 at 6-7 (D.N.J. June 27, 2019).

Indeed, this consideration by Judge Schneider makes particularly little sense since, while it is a "bedrock principle" that parties must bear their own litigation

---

[5] "Privacy" is not a ground provided in Rule 45, but a subpoena may be quashed if it seeks "privileged or otherwise protected materials," Fed. R. Civ. P. 45(d)(3)(A)(iii), or requires disclosure of "a trade secret or other confidential research, development, or commercial information."  *Id.* at 45(d)(3)(B)(i).

expenses, *Baker Botts LLP v. ASARCO LLC*, __ U.S. __ 135 S. Ct. 2158, 2164 (2015), the Copyright Act authorizes the award of attorneys' fees and costs to a prevailing party. *See* 17 U.S.C. § 505. As such, either (1) Doe will naturally have to incur fees and costs to defend against the claim – like *every* other litigant under the American Rule – or (2) in the unlikely event Doe prevails (*i.e.*, they are an "innocent" subscriber), he or she may seek to recover their reasonable fees and costs incurred defending the claim of copyright infringement, pursuant to statute.[6]

Second, Judge Schneider held Plaintiff had not shown good cause to serve a subpoena on the ISP because *later* discovery requests to Doe might be "unduly intrusive" such as "searches of his/her computer and social media." 2019 WL 5446239, at *14. But whether *other* discovery requests (not yet made) might be unduly burdensome is irrelevant to the question of whether *the subpoena* creates an undue burden on the ISP, a third party. And, of course, this Court may craft

---

[6] Similarly, Judge Schneider's further concern that a subscriber might "possibly settle to avoid incurring future costs" is nothing but speculation. *Malibu Media, LLC v. Doe*, No. 15-4381, 2015 WL 4923114 at *1 n.4 (S.D.N.Y. Aug. 18, 2015) ("[T]here are any number of reasons . . . a defendant may choose to settle, including culpability."). Judge Bongiovanni recently rejected a similar argument, where a doe party claimed that Plaintiff planned "to use the threat of litigation coupled with the threat of reputational injury to coerce a settlement," finding it lacked evidentiary support, and further held "[e]ven so . . . the undue burden Defendant described is not the type of 'undue burden' that Rule 45 was designed to protect against. As this and other Courts have held, this 'burden' has nothing to do with the subpoena to [the ISP] or the onus on [the ISP] in responding to same." *Strike 3 Holdings, LLC v. Doe*, No. 18-16593, 2019 WL 4745360, at *6 (D.N.J. Sept. 30, 2019).

appropriate protective orders to ensure that any requests issued later in this litigation are not "unduly intrusive," while still affording the parties the right to obtain discovery of relevant, non-privileged information.  Fed. R. Civ. P. 26(c)(1).

Third, Judge Schneider held Plaintiff had not shown good cause to serve a subpoena on the ISP because he felt that subscribers should have a privacy interest that outweighs Plaintiff's right to protect its copyrights.  2019 WL 5446239, at *14-15.  However, this Court has already rejected that conclusion, holding subscribers only have a "diminished" right to privacy, which (1) does not outweigh Plaintiff's right to protect its copyrights, and (2) can be sufficiently protected by allowing the subscriber (or the person eventually identified as the infringer) to defend the suit anonymously.  *Strike 3 Holdings, LLC v. Doe*, No. 18-12609, ECF No. 16 at 5 (D.N.J. June 27, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-14138, ECF No. 15 at 2 (D.N.J. June 27, 2019); *see also Strike 3 Holdings, LLC v. Doe*, No.18-16593, 2019 WL 4745360, *7 (D.N.J. Sept. 30, 2019) (Bongiovanni, J.); *Strike 3 Holdings, LLC v. Doe*, No. 18-10619, ECF No. 42 at 2 (D.N.J. July 1, 2019) (Waldor, J.).

Disregarding these decisions (and many more), Judge Schneider even rejected several of his own decisions to reach this brand-new rule of law on subscriber privacy.  However, since this new decision was unmoored from – and contrary to – *all* federal authority on the issue, the Court instead relied upon New Jersey's state constitutional protection against unreasonable searches and seizures of subscriber

8

data by law enforcement for support.  Doing so was clear error because (1) it is black letter law that constitutional protections (state and federal) against unreasonable searches and seizures apply to government actors, not private parties in civil discovery, *see Lease v. Fishel*, No. 07-0003, 2009 WL 922486, at \*5 (M.D. Pa. Apr. 3, 2009); (2) heightened state constitutional protections do not apply in federal proceedings, *Virginia v. Moore*, 553 U.S. 164, 171 (2008); *California v. Greenwood*, 486 U.S. 35, 43 (1988), and (3) even if search-and-seizure jurisprudence was applicable here, the Third Circuit has held that subscribers do *not* have a privacy interest in their IP address.  *U.S. v. Christie*, 624 F.3d 558, 574 (3d Cir. 2010).

Plaintiff requests only the same rights and abilities to protect its copyrighted works that are available to all other copyright holders.  The fact that Doe has chosen to wear a mask while stealing Plaintiff's copyrighted works is not a valid basis for the Court to throw up its hands and proclaim BitTorrent copyright infringement is *de facto* legal because the Court is powerless to stop it.  That is not true.  "[I]t is a general and indisputable rule, that where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded."  *Marbury v. Madison*, 5 U.S. 137, 163 (1803) (citation omitted).  "'Congress [has] specifically acknowledged that consumer-based, non-commercial use of copyrighted materials constitute[s] actionable copyright infringement' and 'contemplate[d] that suits like this [*i.e.*, BitTorrent copyright infringement lawsuits] were within the Act.'"  *Glacier*

*Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1040 (9th Cir. 2018) (quoting *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 500 (1st Cir. 2011)).  This Court should not "cut off . . . plaintiff[] from those enforcement mechanisms that currently exist."  *Strike 3 Holdings, LLC v. Doe*, No. 19-5818, 2019 WL 5459693, *3 (S.D.N.Y. Oct. 9, 2019).  There is a clear and well-established standard under which this Court can – and should – assist copyright plaintiffs to unmask anonymous infringers so as to protect their copyrights.  As this Court has already found, Plaintiff has met that standard here.

The burden is now on Doe to show that one of the six grounds enumerated in Rule 45(d) justifies quashing the subpoena authorized by this Court.  Plaintiff respectfully submits that (1) Doe has not met this burden, and (2) Judge Schneider's decision, to the extent that it touches on grounds similar to those provided in Rule 45(d), does not provide a valid basis to quash the subpoena.

## CONCLUSION

For the foregoing reasons, Plaintiff Strike 3 Holdings, LLC respectfully submits that the Court should not apply Judge Schneider's reasoning to this matter.

Dated: November 22, 2019         Respectfully submitted,

**THE ATKIN FIRM, LLC**
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

By:   */s/ John C. Atkin*
      JOHN C. ATKIN

10